**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**DELOIS M. EVERETT**                                                                         **PLAINTIFF**

**V.**                                                                             **CASE NO. 3:10CV3**

**CENTRAL MISSISSIPPI, INC.**
**HEAD START PROGRAM**                                                          **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the court on the motion **[45]** of Defendant, Central Mississippi, Inc. Head Start Program, seeking summary judgment, pursuant to FED. R. CIV. P. 12 and 56. Plaintiff Delois Everett has responded in opposition to the motion, and the court having considered the submissions of the parties, finds that the motion should be granted.

Plaintiff Everett began working for Central Mississippi Head Start in 2004. Everett was passed over for a promotion in May 2007. The person who Defendant hired for the supervisory position was three years younger than Plaintiff. Everett filed a complaint with the Equal Employment Opportunity Commission in November 2007. Everett then commenced an action against Central Mississippi in 2008 alleging a violation of The Age Discrimination in Employment Act and retaliation for filing her November 2007 EEOC complaint.[1] Everett alleges that the harassment continued and as a result she filed a second EEOC complaint in January 2009. The second filing complained of retaliation stemming from her first filing with the EEOC and the 2008 lawsuit.

Plaintiff has initiated the current action alleging further instances of retaliation for filing a

---

[1]This suit was dismissed through summary judgment on September 30, 2010. *See* Docket Nos. 74-75 of associated Case No. 3:08-CV-34.

second complaint with the EEOC.[2] Everett's EEOC complaint alleged that Central Mississippi discriminated against her in violation of Title VII of the Civil Rights Act of 1964. The court is of the opinion that the appropriate governing statutory provision is the anti-retaliatory section of the ADEA. Plaintiff's second EEOC complaint was merely a retaliation claim for filing the first EEOC complaint, the basis of which was a violation of the ADEA.[3] Thus, the court will analyze the claim under an ADEA retaliation standard.

It appears that Plaintiff also claims Central Mississippi instigated harassment due to her filing the 2008 lawsuit. The alleged harassment occurred between January 7 and June 24, 2009 and was in the form of written reprimands, denials of continued education and training, a denial of promotion, careful observation of Plaintiff's whereabouts, and a suspension.[4]

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d

---

[2] Plaintiff's retaliation claims regarding the November 2007 filing have been dismissed through summary judgment of the 2008 case. The instant action exclusively concerns retaliation stemming from Plaintiff's January 2009 EEOC filing and harassment based on her filing the 2008 lawsuit.

[3] Plaintiff is correct in stating that Title VII contains an anti-retaliatory provision. The section prohibits discrimination against an employee for making a charge under Title VII. 42 U.S.C.A. § 2000e-3(a). However, the only discrimination Plaintiff has alleged in her complaints has been in regard to her age. Thus, this court cannot conduct a Title VII analysis.

[4] Plaintiff's June 24, 2009 suspension without pay is still in effect and thus, this action was effectively a termination.

202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that a jury would not be required to believe. *Reeves*, 530 U.S. at 151, 120 S. Ct. at 2110.

The case at bar is a non-jury trial, as Plaintiff indicated in her complaint that she waives a jury trial. As such, this court "may grant summary judgment if trial would not enhance its ability to draw inferences and conclusions." *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978). "Hearing and viewing the witnesses subject to cross-examination would not aid the determination if there are neither issues of credibility nor controversies with respect to the substance of proposed testimony." *Id*. The court then, "as trier of fact, is in a position to and ought to draw [] inferences without resort to the expense of trial." *Id*.

Plaintiff has asserted a claim for retaliation for filing a complaint with the EEOC. To prevail on this type of claim, Plaintiff must establish (1) she engaged in an activity protected by Title VII or the ADEA; (2) she suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996).

Plaintiff filed her second complaint with the EEOC on January 26, 2009. She alleges that Central Mississippi harassed her subsequent to the filing a November 2007 complaint with the EEOC that alleged a violation of the ADEA. Her filings of an EEOC complaint and the 2008 lawsuit constitute protected activity under the anti-retaliatory provision of the ADEA. Specifically, this section of the ADEA "prohibits an employer from discriminating against an

employee who has made a charge or participated in a proceeding under this act." *See* 29 U.S.C.A. § 623(d).

Further, Plaintiff did suffer an adverse employment action. She is no longer employed by Central Mississippi, as discussed above.

Plaintiff must then establish a causal link between retaliation and her suspension. Recently, the United States Supreme Court has interpreted the evidentiary standard for claims under the ADEA. *Gross v. FBL Financial Servs., Inc.*, 129 S. Ct. 2343, 174 L. Ed. 119 (2009). The *Gross* Court established that Plaintiff must prove an ADEA claim by a preponderance of the evidence and eliminated a mixed-motive ADEA case. *Id.* at 2347; *see also Burgess v. JHM Hotels, LLC*, 2010 WL 1493132, at *6 (D.S.C. Apr. 13, 2010). Plaintiff must prove then that retaliation was the 'but-for' cause of the challenged adverse employment action. *Gross*, 129 S. Ct. at 2347. This is true even if Plaintiff could produce some evidence that retaliation was one motivating factor in that decision. *Id.*; *see also Burgess v. JHM Hotels, LLC*, 2010 WL 1493132, at *6 (D.S.C. Apr. 13, 2010). The burden of persuasion does not shift to the employer to show that it would have taken the action regardless. *Gross*, 129 S. Ct. at 2347.

Plaintiff had a long-standing pattern of disciplinary issues, as evidenced by her personnel file. Documentation of the reason given for her suspension, insubordination, is present beginning in June 2007. The filing of complaint in January 2009 simply could not have been the triggering source of any type of retaliation, as Plaintiff claims unwarranted reprimands had been issued years prior.

Plaintiff claims that other employees committed the same disciplinary violations as she and were not reprimanded. This fact is arguably some evidence to suggest that retaliation was

4

one motivating factor in the Defendant's conduct. However, this does not establish causation for retaliation. Plaintiff simply cannot show that retaliation was the reason the employer decided to permanently suspend her.

The court finds that Plaintiff's claim fails on the third prong. In viewing the evidence in light most favorable to Plaintiff, she cannot show that retaliation was the 'but-for' cause of her suspension. Thus, Plaintiff lacks the causal link required for her claim and cannot establish a *prima facie* case for retaliation.

For these reasons, Defendant's motion **[45]** for summary judgment is **GRANTED**.

This the 2nd day of December, 2010.

                                         **/s/ MICHAEL P. MILLS**
                                         **CHIEF JUDGE**
                                         **UNITED STATES DISTRICT COURT**
                                         **NORTHERN DISTRICT OF MISSISSIPPI**